1  Abbas Kazerounian, Esq. (SBN 24090982)
   abbas@kazlg.com
2  **KAZEROUNI LAW GROUP, APC**
   245 Fischer Ave., Suite D1
3  Costa Mesa, CA 92626
   Telephone: (800) 400-6808
4  Facsimile: (800) 520-5523

5  *Attorney for Plaintiff*,
   Tierra Ussery

6

7                    **UNITED STATES DISTRICT COURT**
8                     **WESTERN DISTRICT OF TEXAS**
                          **AUSTIN DIVISION**
9

10  **TIERRA USSERY,**                          Case No.:

11                        Plaintiff,
                                                **COMPLAINT FOR DAMAGES FOR**
12        vs.                                   **VIOLATIONS OF THE FAIR DEBT**
                                                **COLLECTION PRACTICES ACT,**
13  **RESURGENT CAPITAL SERVICES,**             **15 U.S.C. § 1692, *ET SEQ.***
    **L.P.,**
14                                              **JURY TRIAL DEMANDED**
15                        Defendants.

16

17

18
    ///
19
    ///
20
    ///
21
    ///
22
    ///
23
    ///
24
    ///
25
    ///
26
    ///
27
    ///
28

                                    - 1 -

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

2. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. TIERRA USSERY, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of RESURGENT CAPITAL SERVICES, L.P. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, conduct which caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges based on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. All the conduct engaged in by Defendant took place in Travis County, State of Texas.

7. Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

COMPLAINT

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### JURISDICTION AND VENUE

9. This action arises out of Defendant's violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

10. This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the FDCPA.

11. The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12. Personal jurisdiction and venue are proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendant conducts significant business in this District.

13. Venue is proper in the United States District Court for the Western District of Texas pursuant to 18 U.S.C. § 1391 because:

    A. Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this District;

    B. Defendant does substantial business within this District;

    C. Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed themselves of the laws and markets within this District; and

    D. The harm to Plaintiff occurred within this District.

### PARTIES

14. Plaintiff is, and at all times relevant herein was, a natural person who resides in Travis County, State of Texas.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47

1   U.S.C. § 153(39).

2   16. Plaintiff is a natural person allegedly obligated to pay a debt and is, hence, a

3      "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4   17. Defendant is a limited partnership formed under the laws of the State of

5      Delaware with its principal place of business located in Greenville, South

6      Carolina. Defendant is, and at all times mentioned herein was, a "person," as

7      defined by 47 U.S.C. § 153(39).

8   18. Defendant is a person who uses an instrumentality of interstate commerce or the

9      mails in a business the principal purpose of which is the collection of debts, or

10     who regularly collects or attempts to collect, directly or indirectly, debts owed or

11     due or asserted to be owed or due another and is therefore a "debt collector" as

12     that phrase is defined by 15 U.S.C. § 1692a(6).

13                          **FACTUAL ALLEGATIONS**

14   19. Prior to January 2, 2026, Plaintiff is alleged to have incurred certain financial

15     obligations related to a Total Visa credit card held with the Bank of Missouri

16     associated with account number ending in 8529 (the "Debt").

17   20. These financial obligations were primarily for personal, family, or household

18     purposes and were therefore "debt[s]" as that term is defined by 15 U.S.C. §

19     1692a(1).

20   21. Sometime prior to January 2, 2026, on information and belief, Bank of Missouri

21     sold or assigned the Debt to Defendant.

22   22. On or about January 2, 2026 at 5:13 PM, Defendant, from its email address

23     "ContactCS@mail.ecollect2.resurgent.com," sent Plaintiff's sister, Kierra

24     Ussery, an email attempting to collect a debt from Plaintiff.

25   23. The January 2 email to Plaintiff's sister read, in part, "Tierra, just a quick follow-

26     up. I wanted to send you a short note to remind you that if you need any

27     information or assistance my team is available to help," and disclosed the

28     account number, original creditor, credit card brand, current owner, ID number,

and current balance ($465.15) of Plaintiff's Debt.

24. On or about January 6, 2026 at 5:13 PM, Defendant, from its email address "ContactCS@mail.ecollect2.resurgent.com," sent Plaintiff's sister, Kierra Ussery, a second email attempting to collect a debt from Plaintiff.

25. The January 6 email to Plaintiff's sister read, in part, "Tierra, take another peek at your options. We know in an ideal world, you would pay off your account in one fell swoop. For many of our customers, that options isn't possible," and disclosed the account number, original creditor, credit card brand, current owner, ID number, and current balance ($465.15) of Plaintiff's Debt.

26. On or about January 8, 2026 at 6:57 PM, Defendant, from its email address "ContactCS@mail.ecollect2.resurgent.com," sent Plaintiff's sister, Kierra Ussery, a third email attempting to collect a debt from Plaintiff.

27. The January 8 email to Plaintiff's sister read, in its subject line, "Tierra, Please Address this Urgent Financial Matter."

28. The January 8 email went on to say, "Tierra, let's clear up any confusion. We've sent you a few emails and hopefully it's clear that we're contacting you about your balance of $465.15 owed to LVNV Funding LLC," and disclosed the account number, original creditor, credit card brand, current owner, ID number, and current balance ($465.15) of Plaintiff's Debt.

29. On or about January 10, 2026 at 11:56 AM, Defendant, from its email address "ContactCS@mail.ecollect2.resurgent.com," sent Plaintiff's sister, Kierra Ussery, a fourth email attempting to collect a debt from Plaintiff.

30. Defendant's January 10 email sent to Plaintiff's sister recited a similar message as the January 6 email, and went on to disclose the account number, original creditor, credit card brand, current owner, ID number, and current balance ($465.15) of Plaintiff's Debt.

31. Plaintiff's sister's email address — the addressee for each and every above-referenced debt collection communication — contains Plaintiff's sister's full first

and last name, and therefore is readily identifiable as belonging to someone other than Plaintiff.

32. By contacting Plaintiff's sister, a third-party and stranger to the Debt, without a statutorily authorized justification, Defendant violated 15 U.S.C. § 1692c(b).

33. As a result of Defendant's above-described abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness impacting her job and personal relationships.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. § 1692, ET SEQ.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

COMPLAINT

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any and all other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

37. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: February 27, 2026                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
*Attorneys for Plaintiff*

COMPLAINT